■ In the Matter of CASSIDY YY., an Infant. WILLIAM A., Appellant; BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [802 NYS2d 520]—

Rose, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 6, 2004, which dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, to vacate an order of adoption.

Petitioner and the mother of Cassidy YY. (hereinafter the child) engaged in sexual intercourse over a period of several months in the fall of 1999. Thereafter, petitioner had no contact with the mother who, without informing him, became pregnant and gave birth to the child in June 2000. The mother surrendered her parental rights in October 2003 and the child's adoption was finalized in March 2004. In April 2004, petitioner first asserted that he may be the biological father of the child. After filing two paternity petitions which were each dismissed by Family Court, he filed his present application to vacate the order of adoption on the grounds that he had been unaware of the child's existence and the mother had fraudulently misrepresented to Family Court that the child's father was dead. Recognizing that petitioner had immediately sought to enforce his rights upon being made aware of his possible paternity, Family Court nevertheless dismissed petitioner's application because petitioner had not sought to contact the child's mother or to learn if their sexual relationship may have resulted in a pregnancy until after the child's adoption. Petitioner appeals.

Inasmuch as an unwed father must act promptly to assert his parental rights (*see Matter of Robert O. v Russell K.*, 80 NY2d 254, 264 [1992]), we affirm. Petitioner failed to manifest a

willingness to be a parent at any time during the period from conception in 1999 until April 2004, after the adoption. Nor has he supported his conclusory allegations of fraud. Petitioner does not allege that the mother actively concealed her pregnancy from him, and he does not dispute Family Court's finding that he made no effort to contact the mother following their months of sexual intercourse to inquire as to the possibility that their relationship had resulted in a child.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.